FILED

Nanette A. Colon, Esq. (SBN 214111) (ncolon@forthepeople.com)
**MORGAN & MORGAN**
6824 Griffin Road,
Davie, Florida 33314
Telephone: (866) 344-9243 / Fax: (954) 333-3515

10 FEB 22 PM 12: 45

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

Attorneys for Plaintiffs

BY:_____

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CLAY BOLIN and TIMOTHY DUNN, as individuals

                 Plaintiffs,

     vs.

COUNTRY WIDE TOWING, INC., a Corporation, and WILLIAM GARDINER, individual

               Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CV10 - 01303 - PSG(AGLx)

**COMPLAINT FOR:**

**(1) Failure to Pay Overtime in Violation of the FLSA;**
**(2) Failure to Pay Overtime in Violation of California Law;**
**(3) Failure to Pay Wages for Meal and Rest Breaks in Violation of California *Labor Code* and California Wage Orders;**
**(4) Failure to Pay Compensation at Time of Termination and/or Resignation in Violation of California *Labor Code* §§201-203;**
**(5) Failure to Provide Accurate Wage Statements in Violation of California *Labor Code*; and**

**DEMAND FOR JURY TRIAL**

COMPLAINT

## PRELIMINARY STATEMENT

1.      This is an action, seeking unpaid overtime wages, compensation and interest thereon, premium pay for rest period violations, waiting time penalties, liquidated damages and other penalties, and reasonable attorneys' fees and costs, under, *inter alia*, the Fair Labor Standards Act §§ 6 and 7, 29 U.S.C. §§ 206, 207, 211, and 216.  This action further invokes the supplemental jurisdiction of this Court to consider claims arising under California law (e.g., Title 8 of the California *Code of Regulations*, and California *Labor Code* §§ 200-204, inclusive, 216-218.6, 221, 223, 226, 226.7, 510, 1174, 1194.

2.      At all times relevant to this action, COUNTRY WIDE TOWING, INC., and WILLIAM GARDINER (hereinafter "COUNTRY WIDE", "GARDINER" and/or "Defendant" collectively "Defendants"), upon information and belief, have had a consistent policy of (1) requiring Plaintiffs,  CLAY BOLIN and TIMOTHY DUNN(hereinafter referred to as "Plaintiffs") to work substantially in excess of eight (8) hours per day and/or forty (40) hours per week without paying them full and proper overtime compensation; (2) unlawfully denying the Plaintiffs statutorily mandated rest periods; (3) willfully failing to pay compensation (including premium pay) in a prompt and timely manner; and (4) willfully failing to provide the Plaintiffs with accurate semi-monthly itemized

- 1 -

1   wage statements of the total number of hours each of them worked, and the

2   applicable deductions.

3                              **INTRODUCTION**

4

5       3.      The Fair Labor Standards Act of 1938, as amended, §§ 201 et seq.,

6   (hereinafter referred to as "the Act" or the "FLSA") provides for minimum

7

8   standards for wages and details administrative procedures by which covered work

9   time must be compensated.   The FLSA provides the Federal Courts with

10

11  substantial authority to stamp out labor abuses such as those at issue in this

12  Complaint.

13

14      4.      According to Congressional findings, the existence of the labor

15  conditions detrimental to the maintenance of the minimum standard of living

16

17  engenders unfair commercial competition, labor disputes, barriers to commerce

18  and the free flow of goods in commerce, and interferes with the orderly fair

19  marketing of goods.

20

21      5.      California's *Labor Code* and Industrial Welfare Commission Wage

22  Orders provide even more expansive protection to hourly workers, including, but

23

24  not necessarily limited to, pay for all hours worked and requirements for rest

25  periods.

26

27      6.      Despite actual knowledge of these facts and legal mandates,

28  Defendants have enjoyed an advantage over their competition and have

- 2 -

1  disadvantaged their workers by electing not to pay their non-exempt maintenance

2  workers, among other employment positions, for all hours worked, and/or

3
4  premium pay for missed rest periods.

5          7.     The Plaintiffs are informed and believe and based thereon, allege that

6
7  officers of Defendants knew of these facts and legal mandates, yet nonetheless,

8  repeatedly authorized and/or ratified the violation of the laws cited herein.

9          8.     Despite Defendants' knowledge of the Plaintiffs' entitlement to
10
11 compensation for all hours worked, premium pay for rest period violations,

12 Defendants failed to provide the same to the Plaintiffs in violation of the FLSA

13
14 and California state statutes, Industrial Welfare Commission Orders and Title 8 of

15 the California *Code of Regulations*.  This action is brought to redress and end this

16 long-time pattern of unlawful conduct.

17
18                    **JURISDICTION AND VENUE**

19         9.     This Court has jurisdiction of this action pursuant to the provisions of
20
21 the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 et seq.,

22 including under 29 U.S.C. §§ 207, 216, and 217.  This Court also has jurisdiction

23
24 in light of the existence of a controversy arising under the laws of the United

25 States (28 U.S.C. § 1131) and supplemental jurisdiction to consider claims arising

26 under California state law, pursuant to U.S.C. § 1367(a) because such claims are

27
28

- 3 -

so related to the federal claims that they form part of the same case or controversy between the Plaintiffs and Defendants.

10.   Venue as to Defendants is proper in this judicial district, pursuant to 28 U.S.C. § 1391.  Defendant COUNTRY WIDE operates and conducts business in, among others, Los Angeles County, California and is therefore, within the jurisdiction of this Court.  Defendant COUNTRY WIDE maintains offices in the Central District of California and transacts business, has agents, and is otherwise within this Court's jurisdiction for purposes of service of process.

11.   At all material times relevant to this action, Defendant COUNTRY WIDE was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s) and a covered employer under California wage law. The unlawful acts alleged herein have a direct effect on the Plaintiffs and those similarly situated within the State of California and within this judicial district.

12.   The Plaintiffs are, at all relevant times alleged herein, residents of Los Angeles County, and performed the work and services referenced herein in Los Angeles County, and suffered the damages complained of herein within the geographical jurisdiction of this Court.

13.   Each and every Defendant named was, at all times relevant hereto, a person, corporation or other business entity existing and operating within the confines of the State of California, and thus subject to the jurisdiction of the

- 4 -

California courts by reason of "minimum contacts" in California, and/or by purposeful availment of the California market for labor of the kind provided by each Plaintiffs and did transact and conduct business in the State of California, and are thus subject to the jurisdiction of all laws, regulations and court decisions rendered by the State of California.

14.   Defendant maintains offices, operate businesses, employ persons, conduct business in, and pay employees by illegal payroll practices and policies in the County of Los Angeles.  Defendant operates said facilities and has employed Plaintiffs in this judicial district as well as throughout the State of California.

## PLAINTIFFS

15.   The Plaintiffs, CLAY BOLIN and TIMOTHY DUNN, are a natural persons and were employed by Defendants in Lancaster, California to perform work as non-exempt tow-truck drivers in around Los Angeles County, California on Defendants' behalf at all times relevant to this action.

16.   In the course of performing their work as non-exempt tow-truck drivers, Plaintiffs provided emergency road-side assistance to various customers that upon information and belief, originated outside the state of California and/or crossed state lines; therefore, moved through interstate commerce, as defined by the FLSA.

COMPLAINT

17.    In said position, the Plaintiffs were repeatedly paid a substandard wage insofar as he was denied full pay for all hours worked, and permitted to work, and did work at all times relevant to this action, shifts exceeding four (4) hours or a major fraction thereof (of at least three and one-half hours) without being afforded ten minute rest periods, and/or duty-free lunch breaks.

## DEFENDANTS

18.    At all times relevant, COUNTRY WIDE, was and is a California corporation with its principal place of business located at 130 W. AVENUE, J-5, LANCASTER, CALIFORNIA.

19.    At all times relevant to this action, WILLIAM GARDINER, was an individual resident of the State of California, who owned and operated COUNTRY WIDE, and who regularly exercised the authority to: (a) hire and fire employees of COUNTRY WIDE; (b) determine the work schedules for the employees of COUNTRY WIDE; and (c) control the finances and operations of COUNTRY WIDE.  By virtue of having regularly exercised that authority on behalf of COUNTRY WIDE and WILLIAM GARDINER, is an employer as defined by 29 U.S.C. 201.

20.    Each Defendant directly or indirectly acted in the interest of an employer toward the Plaintiffs at all material times, including without limitation, directly or indirectly controlling the terms of employment of the Plaintiffs.

- 6 -

Alternately, Defendants are joint employers of Defendants' non-exempt workers in that each Defendant acts in the interest of the other in relation to the Plaintiffs. As a further alternative, Defendants are joint employers in that they are not completely disassociated with respect to the terms of compensation and employment of the Plaintiffs.

21.     Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to the Plaintiffs are in the possession and custody of Defendants.

22.     On the basis of information and belief, it is alleged that each of the Defendants herein was the agent of others and the agent of Defendants.  Each such Defendant was acting in the scope of his or her agency at all relevant times. Each Defendant's act complained of herein was authorized or ratified by the other Defendants, including Defendants or duly-authorized representatives or managing agents of Defendants, in the course and scope of the agency for the benefit of themselves, each other, and the benefit of Defendants.

23.     The Plaintiffs are informed and believes, and on that basis allege, that Defendants have employed, and do, directly and/or indirectly employ and/or exercise control over the wages, hours and working conditions of the Plaintiffs.

- 7 -

## COMMON FACTUAL ALLEGATIONS

24.   This action is for unpaid overtime compensation under federal and state law, for, among other things, unpaid overtime, meal and rest breaks violations, failure to properly submit itemized wage statements, and failure to pay all compensation owed at the time of termination.

25.   The Plaintiffs seek compensatory damages under federal and state law, liquidated damages, as well as other statutory penalties, under the FLSA, 29 U.S.C. § 21.6(b), California *Labor Code* § 201-203, 226, 226.7, 510, 512, 1194, and 2802(a), Industrial Welfare Commission ("IWC") Wage Order No. 9-2001.

26.   At all times relevant herein, the Industrial Welfare Commission ("IWC") Wage Orders, as amended (8 Cal. Code Regs. § 11050), applied to wages, hours, and working conditions of the Plaintiffs.

27.   The Plaintiffs were employed by Defendant as individuals who performed non-exempt emergency road side assistance as tow truck drivers throughout Los Angeles, California.

28.   In the course of performing their work as non-exempt tow-truck drivers, Plaintiffs provided emergency road-side assistance to various customers that upon information and belief, originated outside the state of California and/or crossed state lines; therefore, moved through interstate commerce, as defined by the FLSA

- 8 -

29.   Defendant paid the Plaintiffs on an hourly basis plus commisions.

30.   At all times relevant to this action, Defendants required the Plaintiffs to work substantially in excess of forty (40) hours per week without paying them full and proper overtime compensation as required by the FLSA, 29 U.S.C. § 207, and California *Labor Code* §§ 510 and 1194.

31.   At all times relevant to this action, Defendants required the Plaintiffs to work substantially in excess of eight (8) hours per day without paying them proper overtime compensation as required by California *Labor Code* § 510. In addition to violating California *Labor Code* § 510.

32.   At all times relevant to this action, Defendant denied the Plaintiffs meal and rest breaks as required under California *Labor Code* § 226.7 and 512, and IWC Wage Orders No. 9-2001.  The Plaintiffs were not provided with the requisite meal periods within the first five (5) hours of work, nor were they provided with a proper second meal period during the days they worked more than ten (10) hours in a day.  The Plaintiffs also were required to work and/or were not relieved of all duties during any meal period taken, and thus was considered "on duty;" however, Defendant failed to count as time worked any "on duty" meal period taken by Plaintiffs.   Because of Defendant's policy the Plaintiffs were, and are, unlawfully denied rest periods required by California law.

- 9 -

The Plaintiffs are accordingly entitled to an additional (1) one hour of pay at their regular rate for each day they were not afforded a lawful meal and rest period.

33.     At all times relevant to this action, Defendant knowingly and intentionally failed to furnish to the Plaintiffs proper itemized wage statements showing all of the information required by California *Labor Code* § 226(a), including, but not limited to, the following: (1) the total hours actually worked by the individual; (2) all true regular and overtime rates in effect during the pay period and the corresponding correct number of hours worked at the applicable rate per individual. Thus, the Plaintiffs are entitled to recover the greater of all actual damages or the statutory penalties as set forth under California *Labor Code* § 226(e).

34.     Furthermore, despite its knowledge of the Plaintiffs' entitlement to pay for all hours worked, Defendant violated California *Labor Code* § 1174(d) by failing to provide or require the use, maintenance or submission of time records which documented all hours being worked by Plaintiffs. Defendant also failed to provide the Plaintiffs with accurate semi-monthly itemized wage statements of the total number of hours worked by each, in violation of California *Labor Code* § 226. In doing so, Defendant has not only failed to pay their workers the full amount of compensation due, they have, until now, effectively shielded themselves from their employees' scrutiny for their unlawful conduct by

- 10 -

concealing the magnitude (the full number of hours worked) and financial impact of their wrongdoing.

35.     Plaintiffs' employment with Defendant was terminated.     Despite knowing that Plaintiffs were entitled to additional compensation for the work that he performed Defendant willfully failed and refused to compensate him in violation of California *Labor Code* §§ 201 and 202.   California *Labor Code* §§ 201 and 202 require Defendant to pay all wages due to Plaintiffs immediately upon discharge.   Accordingly, the Plaintiffs are entitled to unpaid compensation, yet, to date, have not received such compensation despite the termination of their employment with Defendant.   Even upon the termination or resignation of the employment of the Plaintiffs Defendant declined to pay these wages, in blatant violation of California *Labor Code* §§ 201 and/or 202.

36.     Moreover, California *Labor Code* § 203 provides that, if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, for a period not to exceed thirty (30) days of wages. More than thirty (30) days have passed since the Plaintiffs have left Defendant's employ.   As a consequence of Defendant's willful conduct in not paying compensation for all hours worked, the Plaintiffs are entitled to thirty (30) days' wages as a penalty under California *Labor Code* § 203, together with interest

- 11 -

thereon and attorneys' fees and costs.   Accordingly, Defendant is liable to Plaintiffs for waiting time penalties pursuant to California *Labor Code* §203 as described herein.

37.   As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the Plaintiffs have sustained damages, as described above and premium pay for missed rest periods and meal periods, in an amount to be established at trial.   As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, the Plaintiffs herein are entitled to recover "waiting time" penalties/wages (pursuant to California *Labor Code* § 203) and/or penalties for failure to provide semi-monthly itemized statements of hours worked (pursuant to California *Labor Code* § 226) in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, the Plaintiffs are entitled to recover attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b), California *Labor Code* §§ 218.5 and/or California *Civil Code* § 1021.5, among other authorities.

38.   Defendants above actions were willful and intentional.   Thus, the Plaintiffs seek to recover unpaid overtime compensation and premium pay, including the applicable interest, statutory and civil penalties, reasonable attorneys fees, and litigation costs under the FLSA, 29 U.S.C. § 206,207,211(c), 216Q), California *Labor Code* §§ 20l-203, 226,226.7, 510, 512 and 1194, IWC

- 12 -

1   Wage Order No. 9-2001.  The Plaintiffs also seek liquidated damages and/or pre-

2   judgment interest.

### FIRST CAUSE OF ACTION

(For Failure to Pay Overtime in Violation of FLSA)
[FLSA 29 U.S.C. §§ 207, 211(c), 216(B)]
Against All Defendants

7   39.   The Plaintiffs incorporates in this cause of action each and every

8   allegation of the preceding paragraphs, with the same force and effect as though

10   fully set forth herein.

11   40.   At all relevant times hereto, Defendants have been, and are,

13   employers engaged in commerce, as defined under 29 U.S.C. § 203(b) and (d).

14   As such, Defendants Plaintiffs as non-exempt tow-truck drivers, employment

16   which engaged the employees in commerce, as defined under 29 U.S.C. §§

17   203(b), (e), (g) and § 207(a)(1).  At all times relevant hereto, Defendants have

19   been an "enterprise engaged in commerce or in the production of goods for

20   commerce," as defined under 29 U.S.C. § 203(s)(1).

21   41.   Under the FLSA, 29 U.S.C. § 207, Defendants were and are

23   obligated to compensate the Plaintiffs for all hours worked in excess of forty (40)

24   hours in a workweek.  The Plaintiffs are not subject to any applicable exemptions

26   from the requirement to pay overtime under federal law.

27   42.   At all times relevant to this action, the Plaintiffs regularly worked in

28   excess of forty (40) hours per week, but were not paid for such overtime work.

- 13 -

COMPLAINT

43.     By failing to pay overtime compensation due to the Plaintiffs Defendants willingly, knowingly, and/or recklessly violated the provisions of the FLSA, which requires the payment of overtime compensation to nonexempt employees.

44.     As a result of Defendants' policy and practice of withholding overtime compensation, the Plaintiffs have been damaged in that they have not received wages due to them under the FLSA.

45.     Defendants have made it difficult to account for the unpaid overtime wages earned by the Plaintiffs at all times relevant to this litigation because they did not make, keep, and preserve the full and actual hours worked by the Plaintiffs, as required for nonexempt employees under *29 U.S.C. § 211(c)*.

46.     Defendants' failure to retain accurate records of hours actually worked by the Plaintiffs was willful and deliberate and designed to serve their policy of unlawfully denying overtime wages to their employees.

47.     As a result of the unlawful acts of the Defendants, the Plaintiffs and have been deprived of overtime compensation in amounts not yet fully ascertained, but to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, and/or prejudgment interest, attorney fees and costs, and other compensation allowable under 29 U.S.C. § 216(b) of the FLSA.

COMPLAINT

48.     As a result of the foregoing, the Plaintiffs seek judgment against Defendants, for all unpaid wages owed by Defendants to the Plaintiffs, pursuant to 29 U.S.C. §§ 203 *et seq.*, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
(For Failure to Pay Overtime in Violation of State Law)
[California *Labor Code* §§ 510, 1194
I.W.C. Wage Order No. 9-2001]
Against COUNTRY WIDE

49.     The Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

50.     The Plaintiffs were and are employed by Defendant during their tenure as non-exempt tow-truck drivers.

51.     The Plaintiffs regularly worked more than eight (8) hours per day and/or forty (40) hours per week, but did not receive full and proper overtime wages for these hours.

52.     California *Labor Code* § 510(a) and the Industrial Welfare Commission Wage Orders regulating payment of wages in the state of California provide that eight (8) hours of labor constitutes a day's work and any work in

COMPLAINT

excess of eight (8) hours in one (1) workday shall be compensated at the rate of no less than one and one-half times the regular rate of pay for each employee.

53.   California *Labor Code* § 510(a) and the Industrial Welfare Commission Wage Orders regulating payment of wages in the state of California provide that any work in excess of forty (40) hours in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for each employee.

54.   California *Labor Code* § 510(a) and the Industrial Welfare Commission Wage Orders regulating payment of wages in the state of California provide that any work in excess of twelve (12) hours in any one workday shall be compensated at the rate of no less than twice the regular rate of pay for each employee.

55.   California *Labor Code* § 1194 states that any employee receiving less than the legal overtime compensation applicable to the employee is entitled to recover the unpaid balance of the full amount of this overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

56.   The Plaintiffs allege, on information and belief, that, as detailed more fully above, Defendant engage in a company wide  practice of requiring and encouraging the Plaintiffs to work in excess of eight (8) hours per day and/or forty

(40) hours per week.  As a result of the company wide policy the Plaintiffs were not compensated for all the hours that Defendant required them to work.

57.   Defendant has failed and refused, and continue to fail and refuse, to pay the Plaintiffs overtime compensation as required by California wage and hour laws.

58.   Defendant's conduct described in this Complaint violates the provisions of Wage Order 9-2001 and California *Labor Code* § 1194.

59.   Defendant has made it difficult to account for the unpaid overtime wages earned by Plaintiffs at all times relevant to this litigation because they did not make, keep, and preserve the actual hours worked by the Plaintiffs as required for nonexempt employees under *Labor Code* § 1174(d) and IWC Wage Order No. 9-2001.

60.   Defendant's failure to retain accurate and correct records of hours actually worked by the Plaintiffs was willful and deliberate and designed to serve their policy of unlawfully denying overtime wages to their employees.

61.   As a result of the unlawful acts of the Defendant, the Plaintiffs have been deprived of overtime compensation in amounts not yet fully ascertained, but to be determined at trial, and are entitled to recovery of such amounts, together with interest, waiting time penalties, attorneys' fees, litigation costs, and other compensation under state law.

- 17 -

COMPLAINT

62.     The Plaintiffs are entitled to receive an award of liquidated damages, and reasonable attorneys' fees and costs pursuant to California *Labor Code* § 1194.

### THIRD CAUSE OF ACTION
(Failure to Pay Wages for Meal and Rest Breaks
in Violation of California Law)
[California *Labor Code* §§ 226.7 and 512,
I.W.C. Wage Order Nos. 9-2001]
Against COUNTRY WIDE

63.     The Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

64.     California *Labor Code* § 512 and IWC Wage Order 9-2001 state that an employer may not employ an employee for a work period of more than five (5) hours per day without providing the employee a meal period of not less than 30 minutes, and an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes. Wage Order 9-2001 states that unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. California *Labor Code* § 226.7(a) further states that no employer shall require any

employee to work during any meal or rest period mandated by an applicable order of the IWC.

65.     The Plaintiffs were not provided with the requisite meal periods within the first five (5) hours of work, nor were they provided with a proper second meal period during the days they worked more than ten (10) hours in a day.  The Plaintiffs also were required to work and/or were not relieved of all duties during any meal period taken, and thus was considered "on duty;" however, Defendant failed to count as time worked any "on duty" meal period taken by the Plaintiffs.

66.     Pursuant to California *Labor Code* § 226.7(b) and IWC Wage Order 9-2001, if an employer fails to provide an employee a meal period in accordance with the applicable provisions of IWC Wage Order 9-2001, the employer shall pay the employee one (1) hour of pay at the employees regular rate of compensation for each workday that the meal period is not provided. As such, the Plaintiffs is entitled to an additional one (1) hour's pay for each day in which they were not provided a proper meal break under the above- described authorities.

67.     IWC Wage Order 9-2001 states that every employer shall authorize and permit all employees to take rest periods. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours of work.

- 19 -

68.     The Plaintiffs were not permitted to take rest breaks at the rate of ten (10) minutes per every four (4) hours of work and/or the Plaintiffs were required to work during any rest periods in contravention of the statutory authorities described herein.

69.     Pursuant to California *Labor Code* § 226.7(b) and IWC Wage Order 9-2001 if an employer fails to provide an employee a rest period in accordance with the applicable provisions of IWC Wage Order 9-2001, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

70.     As such, the Plaintiffs are entitled to an additional one (1) hour's pay for each day in which Plaintiffs were not provided a proper rest period under the above-described authorities.

71.     As a result of the unlawful acts of the Defendant, the Plaintiffs have been deprived of premium pay for the meal and rest periods they were not provided in amounts not yet fully ascertained, but to be determined at trial, and is entitled to recovery of such amounts, together with interest, waiting time penalties, attorneys' fees, litigation costs, and other compensation under state law.

## FOURTH CAUSE OF ACTION
(For Failure to Pay Compensation at Time of Termination and/or
Resignation in Violation of California *Labor Code* §§ 201-203)
Against COUNTRY WIDE

- 20 -

72.   The Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

73.   California *Labor Code* §201 requires an employer who discharges an employee to pay compensation due and owing said employee immediately upon discharge.   California *Labor Code* §202 requires an employer to promptly pay compensation due and owing to an employee within 72 hours of that employee's termination of employment by resignation.   California *Labor Code* §203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation in a prompt and timely manner as required pursuant to California *Labor Code* §201 and §202 respectively, said employer is liable to said employee for waiting time penalties as described therein.

74.   Defendant has willfully failed and refused, and continue to fail and refuse, to timely pay compensation and wages to Plaintiffs, including unpaid overtime pay, premium pay, reimbursement of business expenses, and "Show-Up Pay", when their employment terminated, as required by California *Labor Code* §§ 201-202.

75.   Defendant's failure to timely pay overtime compensation and wages to Plaintiffs at the time of termination of employment is willful.   Defendant has willfully failed and refused and continue to willfully fail to pay compensation

- 21 -

owed in a prompt manner to Plaintiffs whose employment terminated as is required under California *Labor Code* §§201-203.   As a result, Defendant is liable to Plaintiffs for waiting time penalties under California *Labor Code* §203 in an amount to be ascertained at trial, together with prejudgment interest.

**FIFTH CAUSE OF ACTION**
(Failure to Provide Accurate Wage Statements)
[California *Labor Code* § 226(a)]
Against COUNTRY WIDE

76.   The Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

77.   California *Labor Code* § 226 requires employers to provide its employees an accurate written itemized statement showing, among other things, gross wages earned, the total hours worked by the employee, all deductions, net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

78.   Defendant failed to properly maintain adequate itemized statements of Plaintiffs' work and labor as required by law. The Plaintiffs are informed and believe that said failure was knowing and intentional by Defendant as Defendant sought to deprive the Plaintiffs of their legitimate right to unpaid wages and/or commissions, and otherwise deprive Plaintiffs of overtime compensation.

- 22 -

COMPLAINT

79.     As a result of Defendant intentional and knowing failure to maintain adequate itemized statements, the Plaintiffs could not ascertain the actual amount of compensation they earned and/or was entitled to, and thereby suffered damages in the form of the accrual of unpaid wages, commissions, overtime, and interest.

80.     Pursuant to California *Labor Code* § 226(e), an employee who suffers injury as a result of an employer's knowing and intentional failure to comply with subdivision (a), is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

81.     Pursuant to California *Labor Code* § 226(g), an employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees. As such, the Plaintiffs are entitled to penalties recoverable from Defendant as described herein, as well as reasonable costs and attorneys fees.

## **PRAYER**

WHEREFORE, the Plaintiffs pray for relief and judgment as follows:

COMPLAINT

1.     An award to the Plaintiffs for damages in the amount of unpaid overtime compensation and wages under the FLSA, including liquidated damages and/or pre judgment interest subject to proof at the time of trial;

2.     An award to the Plaintiffs of damages in the amount of unpaid overtime compensation and wages under California law, including liquidated damages and/or pre judgment interest subject to proof at the time of trial;

3.     An award to the Plaintiffs of one hour of compensation for each day they did not receive proper meal breaks under California *Labor Code* §§ 226.7 and 512 and IWC Wage Order No. 9-2001;

4.     An award to the Plaintiffs of one hour of compensation for each day they did not receive proper rest breaks under California *Labor Code* §§ 226.7 and IWC Wage Order No. 9-2001;

5.     An award to the Plaintiffs of the statutory penalties provided in California *Labor Code* § 226(e) subject to proof at the time of trial;

6.     An award to Plaintiffs for waiting time penalties provided in California *Labor Code* § 203;

7.     An award to the Plaintiffs of liquidated damages in an amount equal to the overtime compensation and unpaid meal and rest break period wages shown to have been denied to the Plaintiffs and liquidated damages in an equal amount

COMPLAINT

1 | or, if liquidated damages are not awarded, then in the alternative, pre judgment

2 | interest;

4 | 8.    An award to the Plaintiffs of reasonable attorneys' fees and legal

5 | costs under 29 U.S.C. § 216(b), California *Labor Code* §§ 226(e), 1194, Cal. Civil

7 | Code § 1021.5, and/or any other applicable law;

8 | 9.    An award to the Plaintiffs of pre and post judgment interest and

10 | 10.    An award of such other and further relief as this Court may deem just

11 | and appropriate.

### JURY DEMAND

15 | The Plaintiffs hereby demand trial by jury on all issues triable of right by

17 | jury.

DATED:  February 16, 2010                          **MORGAN & MORGAN**

By_____

Nanette Colon

**Attorney for Plaintiffs**

- 25 -

COMPLAINT

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

CLAY BOLIN and TIMOTHY DUNN, as individuals

## DEFENDANTS

COUNTRY WIDE TOWING, INC., a Corporation, and WILLIAM GARDINER, individually

**(b)** County of Residence of First Listed Plaintiff

(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Nanette Colon, Esq.
Morgan & Morgan, P.A.
6824 Griffin Road
(954) 318-0268

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

29 U.S.C. 216(b)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ unknown

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

CV10-01303

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.      (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

        (b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

        (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdiction be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.      Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.    Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County. | |

***** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date _____

   Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV10- 1303 PSG (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [_] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [_] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

FILED

10 FEB 22  PM 12: 47

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CLAY BOLIN** | CASE NUMBER |
| | **CV10- 1303 PSG (AGRx)** |
| PLAINTIFF(S) | |
| V. | |
| **COUNTRY WIDE TOWING, INC.** | **NOTICE TO PARTIES OF ADR PILOT** |
| DEFENDANT(S). | **PROGRAM** |

Dear Counsel,

The district judge to whom the above-referenced case has been assigned is participating in an ADR Pilot Program.  All counsel of record are directed to jointly complete the attached ADR Pilot Program Questionnaire, and plaintiff's counsel (or defendant in a removal case) is directed to concurrently file the Questionnaire with the report required under Federal Rules of Civil Procedure 26(f).

Clerk, U.S. District Court

02/22/10

Date

By:  MDAVIS

Deputy Clerk

ADR-8 (12//07)          NOTICE TO PARTIES OF ADR PILOT PROGRAM

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CLAY BOLIN

PLAINTIFF(S)

V.

COUNTRY WIDE TOWING, INC.

DEFENDANT(S).

CASE NUMBER

**CV10- 1303 PSG (AGRx)**

**ADR PILOT PROGRAM QUESTIONNAIRE**

(1) What, if any, discovery do the parties believe is essential in order to prepare adequately for a settlement conference or mediation?  Please outline with specificity the type(s) of discovery and proposed completion date(s).  Please outline any areas of disagreement int this regard.  Your designations do not limit the discovery that you will be able to take in the event this case does not settle.

_____

_____

_____

_____

_____

_____

_____

(2) What are the damage amounts being claimed by each plaintiff? Identify the categories of damage claimed [e.g., lost profits, medical expenses (past and future), lost wages (past and future), emotional distress, damage to reputation, etc.] and the portion of the total damages claimed attributed to each category.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

ADR-9 (02/04)                          ADR PILOT PROGRAM QUESTIONNAIRE

(3) Do the parties agree to utilize a private mediator in lieu of the court's ADR Pilot Program?

Yes [_]    No [_]


(4) if this case is in category civil rights - employment (442), check all boxes that describe the legal bases of

plaintiff claim(s).

[_] Title VII                                            [_] Age Discrimination

[_] 42 U.S.C. section 1983                               [_] California Fair Employment and Housing Act

[_] Americans with Disabilities Act of 1990             [_] Rehabilitation Act

[_] Other _____

_____

_____


I hereby certify that all parties have discussed and agree that the above-mentioned responses are true and

correct.



_____          _____

Date                                 Attorney for Plaintiff  (Signature)


                                     _____

                                     Attorney for Plaintiff  (Please print full name)



_____          _____

Date                                 Attorney for Defendant  (Signature)


                                     _____

                                     Attorney for Defendant  (Please print full name)